IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KRISTINE LARSON,**

    **Plaintiff,**

v.                                                                  No. 14-CV-109 MCA/SCY

**ABQ HEALTH PARTNERS, LLC,**
**JOSEPH BEHM, individually, and**
**ANTHONY SANCHEZ, individually,**

    **Defendants.**

## MEMORANDUM AND OPINION ORDER

THIS MATTER is before the Court on Plaintiff's *Opposed Motion to Dismiss Remaining Federal Claims and Remand State Claims*. [Doc. 66]  The Court has considered the parties' submissions, the relevant law and has been otherwise fully advised in the premises.

**BACKGROUND**

Plaintiff filed her *Complaint for Violations of the New Mexico Human Rights Act, Common Law Torts, and the Family Medical Leave Act* in the Second Judicial District Court, County of Bernalillo, State of New Mexico, on December 17, 2013.  [Doc. 1-1, p. 2] Plaintiff brings the following claims:  Count I, "Violations of the New Mexico Human Rights Act" (gender discrimination); Count II "Unlawful Retaliation;"[1] Count III, "Intentional Infliction of Emotional Distress;" and Count IV, "Violation of the Family

---

[1] The Complaint does not identify the legal basis for Plaintiff's claim of unlawful retaliation (i.e., state or federal statute or common law).  However, the parties appear to agree that this claim is brought under New Mexico law.  [Doc. 66; See Doc. 67, pp. 1-2]

1

Medical Leave Act." [Doc. 1-1, pp. 8-11] Defendants removed the case to this Court on February 7, 2014 on the basis of the federal question presented by Plaintiff's Family Medical Leave Act (FMLA) cause of action. *See* 28 U.S.C. § 1441(a). [Doc. 1, ¶ 4] No dispositive motions have been filed. On April 28, 2014, Chief Magistrate Judge Karen Molzen held an initial scheduling conference and entered a scheduling order. [Doc. 18, 19] In September of 2014, on unopposed motions, the Court extended the discovery, pretrial motion and expert disclosure deadlines. [Docs. 42, 43, 46, 48] Subsequently, Plaintiff's Counsel withdrew, and, after the Court stayed all deadlines and held a status conference, new Counsel for Plaintiff entered an appearance. [Docs. 51-60] Magistrate Judge Steven Yarbrough (to whom this case was reassigned) then entered an *Order Setting Management Deadlines and Discovery Parameters,* which is currently the operative Scheduling Order, setting the discovery deadline for February 13, 2015 and the dispositive motions deadline for April 27, 2015. [Doc. 64] The Court also reset, for the second time, a settlement conference for February 24, 2015. [Docs. 63, 41, 52] No trial is currently set.

Defendants represent that discovery is taking place and that it would not serve the interests of judicial economy, convenience, fairness, or comity to remand this case. [Doc. 67, pp. 3-4] Defendants assert that initial disclosures and written discovery have been exchanged, but no depositions have been taken. [Doc. 67, p. 3] As of the date that Defendants filed their responsive brief, they had noticed Plaintiff's deposition three times, and it was set for January 29, 2015. [Doc. 67, p. 3] Defendants also request this

Court to retain jurisdiction as they have already cleared their calendar for the settlement conference set for February 24, 2015. [Doc. 67, pp. 4-5]

**ANALYSIS**

*Dismissal of Plaintiff's FMLA Claim*

Both parties agree to the dismissal with prejudice of Plaintiff's claim under the FMLA. [Doc. 66, p. 1; Doc. 67 p. 1] Accordingly, pursuant to Federal Rule of Civil Procedure 41(a)(2), the Court will dismiss Plaintiff's FLMA claim with prejudice.

*Remand*

Under 28 U.S.C. § 1367 this Court "may decline to exercise supplemental jurisdiction over [Plaintiff's pendent state law claims] if . . . the district Court has dismissed all claims over which it has original jurisdiction." 28 U.S.C., § 1367(a), (c)(1).

> Since pendent jurisdiction is a doctrine of discretion, *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), a district court may decline to exercise jurisdiction over a state law claim. . . . If the federal claim is dismissed before trial, even though not insubstantial in the jurisdictional sense, the state law claim will generally be dismissed as well.

*Thatcher Enters v. Cache Cnty Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

> [A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). "[T]he doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts

3

to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Id.*

Weighing the factors set forth in *Cohill*, the Court will decline to exercise jurisdiction over Plaintiff's state law claims. As to judicial economy, though this case has been pending in this Court for about a year and initial discovery has been conducted, discovery is not complete, no trial has been set, and no dispositive or discovery motions have been filed or ruled on. Thus, this case is still some distance from ready for trial and the Court sees no advantage between either this Court or state court as far as judicial economy. Next, as to convenience, as Defendants point out, given the close physical proximity of this Federal Court and the Second Judicial District Court from whence this case was removed, there is also no significant difference in convenience with regard to either Court. [Doc. 67, p. 5] With regard to fairness, Defendants argue that it would be unfair to remand this case "considering that thousands of documents have been exchanged in discovery, multiple written discovery requests have been answered, discovery deadlines have been extended. . . and the settlement conference has been rescheduled several times." [Doc. 67, pp. 4-5] However, the Court is not persuaded that such facts tend to show it would be unfair to remand this case--the Court sees this factor as neutral because either state or federal court is a suitable forum for ensuring discovery gets completed. Nor is the Court persuaded that *Henderson v. National Railroad Passenger Corporation*, 412 Fed.Appx. 74, 79 (10th Cir. 2011) (unpublished decision), requires a contrary conclusion as that case turned on the court's discretion and the case stood in a different procedural posture. *Id.* (holding the district court did not abuse its

4

discretion in retaining subject matter jurisdiction over remaining state-law claims in part based on the posture of the case, which included that a trial had been set).

Finally, under the facts of this case, the dispositive factor is comity, which weighs in favor of the state court deciding certain claims brought by Plaintiff. *Gibbs*, 282 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). Plaintiff is bringing her New Mexico Human Rights Act claims against the individual Defendants as well as ABQ Health Partners. [Doc. 1-1, ¶¶ 39-47] The New Mexico Human Rights Act is distinguishable from Title VII in allowing claims against individuals for such discrimination. N.M.S.A. 1978, § 28-1-7(I) (2004); *see also Lobato v. State Env't Dep't*, 267 P.3d 65, 67 (N.M. 2011) ("Unlike the Civil Rights Act, the NMHRA permits unlawful discrimination claims against individuals."). This distinction, along with the dearth of New Mexico case law addressing the cause of action under the NMHRA against individuals, *see id.* (collecting cases), weighs in favor of the New Mexico Court system deciding this case. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (reversing and remanding the district court's grant of summary judgment on state tort claim with instructions to dismiss the claim without prejudice without considering the remaining *Cohill* factors because "[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary" (internal quotation marks and citation omitted)).

**CONCLUSION**

For the foregoing reasons, the Court **HEREBY ORDERS**:

1. Plaintiff's *Opposed Motion to Dismiss Remaining Federal Claims and Remand State Claims* [Doc. 66] is **GRANTED.**

2. Count IV of Plaintiff's Complaint is **HEREBY DISMISSED** with prejudice; and

3. This case be **REMANDED** to the Second Judicial District Court of New Mexico pursuant to the Court's discretion under 28 U.S.C. § 1367(c).

**SO ORDERED** this 5th day of February, 2015 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief Judge, United States District Court